**Tamela Renee COOKE and Rose Cooke, Appellants,**

v.

**BOARD OF CLAIMS, Transportation Cabinet, Department of Highways, Commonwealth of Kentucky, Appellees.**

**No. 86–CA–2317–MR.**

Court of Appeals of Kentucky.

Oct. 2, 1987.

Discretionary Review Denied by Supreme Court Dec. 9, 1987.

Robert G. Stallings, Peter L. Ostermiller, Louisville, for appellants.

David W. McLellan, Jr., Transp. Cabinet, David L. Armstrong, Atty. Gen., Frankfort, for appellees.

Before HOWERTON, C.J., and COMBS and MILLER, JJ.

COMBS, Judge.

This appeal is from the Jefferson Circuit Court which affirmed the decision of the Kentucky Board of Claims. The appeal is before this Court on an agreed statement of the case, and involves a solitary question

of law. The case is one of first impression in this Commonwealth.

Appellant, Tamela Renee Cooke, was injured when the automobile she was driving slammed into the rear of appellee's dump truck which was parked on the roadway. She filed a claim against the Commonwealth's treasury pursuant to KRS Chapter 44. The Board of Claims found that appellee Transportation Cabinet, had negligently caused appellant's injury, and ordered that appellant receive from the treasury a total of $19,225.10, for medical expenses, property damage, and lost wages. Observing KRS 304.39–060(2)(a), Kentucky's basic reparation benefits section of its Motor Vehicle Reparations Act, the Board then reduced this recovery by $10,-000.00.

The question presented on appeal is whether the Board and the circuit court correctly determined that the basic reparation benefits section applies to awards made by the Board of Claims pursuant to KRS Chapter 44. We agree that it does, and affirm the opinion of the circuit court.

KRS 304.39–060(2)(a) in pertinent part reads:

> Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is abolished for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable thereof ...

$10,000.00 is the extent to which basic reparation benefits are payable. KRS 304.39–020(2).

Here, the three conditions precedent to the application of this statute are present. First, the liability sounds in tort. We note that as a matter of law all awards by the Board of Claims are conditioned upon negligence on the part of the Commonwealth. KRS 44.120. Second, the accident occurred within this Commonwealth. Third, the accident arose out of the use of a motor vehicle. So the statute does apply.

However, as appellant argues, the statute includes an exception for qualified noneconomic detriment under subsection paragraph (b). This includes pain and suffering. Appellant says that if (2)(a) applies to reduce the award, then (2)(b) should also apply, allowing her to increase the award by a measure equal to her pain and suffering. We cannot agree because KRS 44.-070(1) specifically disallows liability for pain and suffering.

It is true that neither party before the Board argued the issue now before the court. Mention of the basic reparation benefits statute was first made by the Board in its order. Appellant says that the Board erred by going outside the issues raised by the parties. It is our opinion that the Board of Claims, as an administrative agency of this Commonwealth, may take judicial notice of existing statutes.

The opinion of the Jefferson Circuit Court is affirmed.

HOWERTON, C.J., concurs.

MILLER, J., dissents.