COMMONWEALTH of Kentucky
TRANSPORTATION CABINET DE-
PARTMENT OF HIGHWAYS, Appel-
lant,

v.

Michael ABNER, Kentucky Board of
Claims and Kentucky Attorney
General, Appellees.

No. 90–SC–365–DG.

Supreme Court of Kentucky.

June 6, 1991.

Louis Kawaja, Lexington, for appellant.

David A. Nunery, Stephen L. Collins, McBrayer, McGinnis, Leslie & Kirkland, Lexington, Frederic J. Cowan, Atty. Gen., Frankfort, for appellees.

WINTERSHEIMER, Justice.

The appeal is from a decision of the Court of Appeals which affirmed a circuit court ruling which had reversed a Board of Claims dismissal of an action as time barred.

The question presented is whether the Court of Appeals properly ruled that the two-year statute of limitations contained in K.R.S. 304.39–230(6) rather than the one-year statute of limitations contained in K.R.S. 44.110(1) applies.

Abner was involved in an automobile accident with a vehicle belonging to the Department of Highways of the Commonwealth of Kentucky. He filed an action for damages in the Board of Claims more than one year after the collision but less than two years after the accident. The Board of Claims dismissed the claim as being time barred pursuant to K.R.S. 44.110(1). The ruling was appealed to the circuit court which reversed the dismissal relying on the two-year statute in the Motor Vehicle Reparations Act, specifically K.R.S. 304.39–230(6). The Court of Appeals affirmed the circuit court and this appeal followed.

The Court of Appeals in affirming the circuit court stated that the two-year statute of limitation applied in this case as set out in the motor vehicle reparations act, K.R.S. 304.39–230(6). The Court of Appeals relied on *Troxell v. Trammell,* Ky., 730 S.W.2d 525 (1987), and considered the MVRA statute to be a special statute of limitations and applied a more specific statutory system which contained a longer statute of limitations. We do not agree.

Section 231 of the Kentucky Constitution provides that the General Assembly can direct in what manner and in what court suits may be brought against the Commonwealth. Actions can only be brought against the Commonwealth for its negligence pursuant to K.R.S. 44.070 through K.R.S. 44.160 which creates the Board of Claims. K.R.S. 44.110(1) provides that all claims must be filed within one year from the time the claim for relief accrued.

The Board of Claims Act is a limited waiver of sovereign immunity. K.R.S. 44.-110 is part of the grant of the right to sue the Commonwealth and establishes a condition precedent to bringing an action and it must be complied with or the action is barred by sovereign immunity. K.R.S. 44.-

110(1) specifically states that a claim must be filed within one year and it disallows any extension beyond that year.

The Motor Vehicle Reparation Act's basic reparations benefits section does apply to awards made by the Board of Claims pursuant to K.R.S. Chapter 44. *Cooke v. Board of Claims*, Ky.App., 743 S.W.2d 32 (1987). *Cooke, supra,* stands for the proposition that to the extent the MVRA is not in conflict with the provisions of the Board of Claims Act, then the MVRA would apply to motor vehicle actions based on negligence against the Commonwealth.

The original Board of Claims statute was enacted in 1946. The MVRA was enacted in 1974. The General Assembly amended K.R.S. 44.110 in 1986 and did not abolish the one year statute of limitations although it had every opportunity to change the statute. Clearly the legislature has not extended its waiver of sovereign immunity to include a two-year statute of limitations.

The creation of the Board of Claims by the General Assembly was only a limited waiver of sovereign immunity. K.R.S. 44.-072. K.R.S. 44.110 established a condition precedent to the bringing of a suit against the Commonwealth. *Commonwealth v. Chinn*, Ky., 350 S.W.2d 622 (1961).

*Troxell, supra,* does not apply here because the Board of Claims legislation is more specific in regulating suits against the state. K.R.S. 304.39–230(6) and K.R.S. 44.110 are not conflicting statutes because the Board of Claims Act provides for a condition precedent to filing an action against the Commonwealth, and if there is no compliance, sovereign immunity bars the action.

The decision of the Court of Appeals is reversed and the order of the Board of Claims dismissing the action is reinstated.

All concur.