*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0117P (6th Cir.)
File Name: 01a0117p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DAVID EZELL, Ancillary
Administrator of the Estate of
Billy Don Ezell, Deceased,
              *Plaintiff-Appellant,*

              *v.*

CHRISTIAN COUNTY,
KENTUCKY and CHUCK
CHAMBERS,
              *Defendants-Appellees.*

No. 99-5497

Appeal from the United States District Court
for the Western District of Kentucky at Paducah.
No. 97-00189—Edward H. Johnstone, Senior District
Judge.

Argued: April 18, 2000,

Decided and Filed: April 16, 2001

Before: MERRITT and DAUGHTREY, Circuit Judges;
HAYNES, District Judge.[*]

_____

[*]The Honorable William J. Haynes, United States District Judge for
the Middle District of Tennessee, sitting by designation.

1

_____

**COUNSEL**

**ARGUED:** James R. Redd III, FLETCHER, COTTHOFF & WILLEN, Hopkinsville, Kentucky, for Appellant. Marvin P. Nunley, McCARROLL, NUNLEY & HARTZ, Owensboro, Kentucky, for Appellees. **ON BRIEF:** Ben S. Fletcher III, H. Douglas Willen, FLETCHER, COTTHOFF & WILLEN, Hopkinsville, Kentucky, for Appellant. Marvin P. Nunley, McCARROLL, NUNLEY & HARTZ, Owensboro, Kentucky, for Appellees.

_____

**OPINION**

_____

MERRITT, Circuit Judge. This diversity case concerns the liability of a Kentucky county and its director of public works or county engineer for a traffic fatality allegedly caused by lack of proper road signs and by allowing an intersection to grow up in weeds and bushes in violation of Kentucky law. A Kentucky statute imposes on the county engineer the duty to "remove trees and other obstacles from the right of way" in order to avoid "a hazard to traffic," Kentucky Revised Statutes § 179.070, and another Kentucky statute provides that "a person injured by the violation of any statute may recover" damages, KRS § 446.070.

There is no case law from Kentucky interpreting the question of liability of the county engineer under these statutes. Therefore, upon motion by the parties after oral argument, we certified two questions to the Kentucky Supreme Court concerning liability of the county engineer in such circumstances and his duty to train employees as to the requirements of road signage under Kentucky law. *Ezell v. Christian Cty., Ky.*, No. 99-5497 (6th Cir. June 13, 2000)(certification order to Kentucky Supreme Court). The Kentucky Supreme Court denied the request. *Ezell v.*

also makes clear that the roads are to be maintained in accordance with law.[2] For the statute to have any meaning, the county engineer must be responsible for more than simply hiring people to perform the job of erecting signs and maintaining roads and then doing nothing to ensure that those duties are properly performed.

Chambers indicated in his deposition that he was aware of the adoption by Kentucky of the *Manual on Uniform Traffic Control Devices*. He conceded that he had not established a routine schedule for inspecting county roads nor had new employees been trained in proper sign placement in accordance with the *Manual on Uniform Traffic Control Devices*. There is therefore evidence in the record that Chambers violated KRS § 179.070 by failing to see that the county roads were maintained in accordance with law and by his failure to supervise in a nonnegligent manner the maintenance of the roads.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's judgment as to Christian County, reverse it as to Chuck Chambers, and remand this case for trial on the merits of plaintiff's case against Chambers.

_____

[2] 603 KAR 5:050 requires all traffic control devices located on public streets to be in substantial compliance with the *Manual on Uniform Traffic Control Devices*.

*Christian Cty., Ky.*, 2000-SC-0511-CL (Aug. 24, 2000) (Order Denying Request to Certify the Law). We will answer the questions raised in this appeal as best we can, given the lack of guidance from the Kentucky courts.

The facts are basically undisputed. On August 16, 1996, Billy Don Ezell, a resident of Alabama, was killed in an automobile accident in Christian County, Kentucky, after his car ran through a stop sign at an intersection and collided with another. David Ezell was appointed administrator of his brother's estate and filed this action on behalf of the estate in federal court against Christian County and Chuck Chambers, the county road supervisor. Plaintiff claims that defendants were negligent because the stop sign at the intersection where Billy Don was killed was not placed in conformance with Kentucky law. He also says that the intersection was not properly maintained as required by Kentucky law because the stop sign was blocked from view by bushes.

The district court entered summary judgment for Christian County on the basis of sovereign immunity. The district court also granted summary judgment in favor of Chambers, finding that he had no direct responsibility for the accident and was therefore not liable under Kentucky law. Plaintiff appeals from the grant of summary judgment to both defendants.

### Sovereign Immunity for Christian County

The district court granted summary judgment to Christian County on the ground of sovereign immunity. Plaintiff claims that the purchase of liability insurance by the county constitutes waiver of the sovereign immunity. The Kentucky Supreme Court has specifically rejected this argument. Relying on KRS § 44.072, which requires a waiver of immunity to be specific and express, the Kentucky Supreme Court has held that the purchase of liability insurance, without more, cannot abrogate a county's sovereign immunity. *Franklin Cty., Ky. v. Malone*, 957 S.W.2d 195, 203 (Ky.

Having found that plaintiff can maintain an action against Chambers for violation of KRS § 179.070 through KRS § 466.070, we now turn to the merits of the case. We first note that the sovereign immunity invoked by Christian County cannot shield Chambers from liability. It does not extend to public officials. But in order to find a public official negligent under Kentucky law, there must be evidence of personal wrongdoing. *Franklin Cty., Ky. v. Malone*, 957 S.W.2d 195, 203 (Ky. 1997) (no individual liability for public officials unless they "ratify or participate in the tortious act"). Chambers claims that because there is no evidence that he personally placed the stop sign in the wrong place and because he is not personally responsible for checking the county roads for hazards such as overgrown bushes, he cannot be liable. Chambers contends that he can be held responsible only if he negligently hires employees and that he is not responsible if an employee negligently performs the work. Plaintiff, on the other hand, claims that the statute imposes a broader duty on Chambers to see that the county roads are properly maintained.

The parties agree that Chambers is not personally responsible for maintaining county roads, and we agree. But we also agree with plaintiff that KRS § 179.070 requires something more of Chambers than simply avoiding negligence in hiring employees to maintain the county roads. The statute clearly conveys a purpose: to provide safe roads for motorists and to require the county engineer to implement that intent. The statute specifically states that the county engineer *shall* "[s]ee that county roads . . . are . . . maintained as provided by law," KRS § 179.070(b), "[s]upervise the . . . maintenance of county roads . . . .," KRS § 179.070(c) and "[r]emove trees or other obstacles . . . when [they] become a hazard to traffic." KRS § 179.070(j). By directing the county engineer to *supervise* the maintenance of the roads, the statute certainly seems to say that the job requirements of county engineers go beyond simply hiring employees and then taking no further action to ensure that the employees understand the duties and are properly trained to carry them out. The statute

1997).  We are bound by Kentucky law and must therefore affirm the district court's judgment as to defendant Christian County.

### Negligence Claim Against Chambers

The Kentucky legislature has passed legislation outlining the duties of a public official in Chambers' position.  KRS § 179.070 provides:

(1)  The county engineer shall:

(a)  Have general charge of all county roads and bridges within the county;

(b)  See that county roads and bridges are improved and maintained as provided by law;

(c)  Supervise the construction and maintenance of county roads and bridges . . .;

. . .

(e)  Advise and direct employees of contractors how best to repair, maintain, and improve county roads and bridges;

. . .

(j)  *Remove trees or other obstacles from the right-of-way of any publicly dedicated road when the tree or other obstacles become a hazard to traffic.*

(Emphasis added.)  Plaintiff's primary claim is that Chambers violated KRS § 179.070 by failing to "remove trees or other obstacles from the right-of way" in order to prevent "a hazard to traffic."

Although we doubt whether KRS § 179.070 itself creates a private right of action for plaintiff, we need not decide the issue because -- absent a contrary interpretation from the Kentucky courts -- we must follow the plain language of KRS § 446.070:

A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation although a penalty or forfeiture is imposed for such violation.

KRS § 466.070 creates a private right of action for the violation of any statute so long as the plaintiff belongs to the class intended to be protected by the statute.  *State Farm Mutual Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 117-18 (Ky. 1988) (discussing history of and circumstances under which KRS § 446.070 provides a private right of action where one might not otherwise exist).  KRS § 446.070 is generally not applicable "[w]here the statute both declares the unlawful act and specifies the civil remedy available *to the aggrieved party* . . . ." *Gryzb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) (emphasis added).  KRS § 179.070 does prescribe a remedy for its enforcement through a penalty to be paid by the county engineer into the county road fund,[1] but it does not provide a remedy for those individuals intended to benefit from KRS § 179.070 – individuals driving the roads of Kentucky.  Applying the rule in *Gryzb* and *Reeder* to the present case, we hold that KRS § 466.070 allows plaintiff to pursue his action because the $100 penalty prescribed in KRS § 179.990 does not give a remedy *to the aggrieved party* -- plaintiff David Ezell on behalf of his deceased brother's estate – and plaintiff seems to be within the class of persons KRS § 179.070 was intended to protect.

---

[1]Kentucky law specifies various penalties for violations of the statutes concerning road maintenance.  KRS § 179.990.  Relevant here is KRS § 179.990(12), which provides that "[a]ny county engineer who fails to perform the duties of his office shall . . . be fined not over one hundred dollars ($100)."