**ESTATE OF Candice CLARK, by and through her Personal Representative Linda MITCHELL, and Linda Mitchell, individually, Appellants,**

v.

**DAVIESS COUNTY, Kentucky; Daviess County Fiscal Court; William "Buzz" Norris, Jr., in his official capacity as former Daviess County Judge Executive; William "Buzz" Norris, Jr., individually; Reid Haire, in his official capacity as Daviess County Judge Executive; Reid Haire, individually; Fred Marksberry, in his official capacity as former member of Daviess Fiscal Court; Fred Marksberry, individually; Gary Boswell, in his official capacity as former member of Daviess Fiscal Court; Gary Boswell, individually; David Warren, in his official capacity as former member of Daviess Fiscal Court; David Warren, individu-**

ally; Gene Carraway, in his official capacity as former Daviess County Road Foreman; Gene Carraway, individually; Ronnie Thompson, in his capacity as member of the Daviess County Road Department Sign Director; Ronnie Thompson, individually; Barry Mattingly, in his official capacity as former Daviess County Engineer; Barry Mattingly, individually; Joseph D. Fisher, in his official capacity as Assistant Daviess County Engineer; Joseph D. Fisher, individually; Sinan Rayyan, in his official capacity as Daviess County Engineer; and Sinan Rayyan, individually, Appellees.

No. 2000–CA–002910–MR.

Court of Appeals of Kentucky.

March 14, 2003.

Rehearing Denied May 2, 2003.

Steven D. Downey, Bowling Green, KY, for appellants.

Marvin P. Nunley, Owensboro, KY, for appellees.

Before COMBS, HUDDLESTON, and McANULTY, Judges.

*OPINION*

COMBS, Judge.

The Estate of Candice Clark and Linda Mitchell, Clark's mother, appeal from an order of the Daviess Circuit Court granting summary judgment to the defendants in a wrongful death action arising out of an automobile accident that occurred in Daviess County, Kentucky. We initially affirmed, but the Kentucky Supreme Court remanded for us to reconsider our opinion in light of *Yanero v. Davis*, Ky., 65 S.W.3d 510 (2001). After undertaking a *Yanero* analysis, we still conclude that the county and the individual defendants acting in their official or representative capacities are immune from suit and affirm that part of the judgment. However, *Yanero* has ruled that individual defendants sued in their *individual capacities* are not entirely immune from suit. Consequently, we affirm in part, reverse in part, and remand.

This action arises out of a single-car accident at a curved section of East Marksberry Road in Daviess County. The appellants allege that the absence of a proper warning sign and guardrail caused Candice Clark to lose control of her automobile at this location and to leave the roadway. She was found dead at the scene.

Following the accident, Linda Mitchell, the decedent's mother and the personal representative of her estate, filed this action against: Daviess County; the present and former members of the Daviess County Fiscal Court (each in his official capacity and individually); the Daviess County road foreman (in his official capacity and individually); Daviess County Road Department sign director (in his official capacity and individually); the present and former Daviess County engineer (each in his official capacity and individually); and the assistant engineer of Daviess County (in his official capacity and individually). The complaint alleged that the defendants had failed to exercise ordinary care to provide and to maintain any notice or warning of the curved roadway and/or to provide an appropriate guardrail at the portion of the roadway involved in the accident.

Asserting the defenses of sovereign immunity and official immunity, the defendants (now appellees) moved for summary judgment. The trial court granted the motion with respect to the action against Daviess County; Daviess County Fiscal Court members in their official capacities; and the Daviess County engineers, road foreman, and Road Department sign director in their official capacities. The motion was denied with respect to the acts (or omissions) of the individual employees in their individual capacities. Following a period of discovery, the remaining defendants renewed their motion for summary judgment. After considering the defendants' argument that their individual activ-

ities were inherently within the traditional role of government, the trial court granted the motion. This appeal followed.

In an appeal of a summary judgment, our role as a reviewing court is to determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 781 (1996) (citations omitted). Our review is *de novo:* "There is no requirement that the appellate court defer to the trial court since factual findings are not at issue." *Id.* Whether an immunity defense applies is purely a question of law.

■■■ The trial court did not err by granting summary judgment in favor of Daviess County. The Kentucky Supreme Court has emphasized that county governments cannot be held liable for the negligent actions of employees acting in an official capacity. *Franklin County v. Malone,* Ky., 957 S.W.2d 195 (1997), *overruled in part by Yanero, supra,* and *overruled in part on other grounds by Commonwealth Bd. Of Claims v. Harris,* Ky., 59 S.W.3d 896 (2001). It is well settled that these entities are protected by the doctrine of governmental immunity. *Yanero, supra; Harris, supra.*

■■■ Next, we consider whether the court erred in granting summary judgment in favor of the Daviess County Fiscal Court members in their official capacities and the Daviess County engineers, road foreman, and Road Department sign director in their official capacities. Because these individuals were sued in their representative capacities, they were cloaked in absolute immunity. Therefore, summary judgment in their favor was also proper. Any action against fiscal court members in their official capacities is essentially an action against the county which is barred by sovereign immunity. *Malone* at 201,

*citing* Ky. Const. 231 and *Littlejohn v. Rose,* 768 F.2d 765 (6th Cir.1985). The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought. *Yanero supra* at 518 (*citing Alden v. Maine,* 527 U.S. 706, 756, 119 S.Ct. 2240, 2267, 144 L.Ed.2d 636 (1999)).

Finally, we consider whether the trial court erred by granting summary judgment to the individual defendants sued in their individual capacities. Traditionally, the immunity of public employees has depended upon the nature of the action or function on which liability was based. Employees were accountable for their ministerial acts performed within the scope of their employment. However, they were immune from liability for their discretionary acts performed in good faith. *Calvert Investments, Inc. v. Louisville & Jefferson County Metro Sewer District,* Ky., 805 S.W.2d 133 (1991); *Gould v. O'Bannon,* Ky., 770 S.W.2d 220 (1989); *Happy v. Erwin,* Ky., 330 S.W.2d 412 (1959).

The Supreme Court of Kentucky departed from that traditional analysis in *Malone, supra,* in 1997, expanding the shield of sovereign immunity more broadly to protect from liability governmental employees and public officials acting within the scope of governmental activities regardless of whether the act performed was discretionary or ministerial.

The trial court in this case did not consider whether the acts of the individual defendants were ministerial or discretionary. Instead, it properly relied on language in *Malone, supra,* when it dismissed this case. However, the Supreme Court has since revisited *Malone* and refined its departure from established legal principles. In Yanero, decided in 2001, the Su-

preme Court reiterated that official immunity rests not on the status or title of the officer or employee, but on the function performed. 65 S.W.3d 510 at 521. In other words, *Yanero* represented a return to the more restrictive analysis that predated *Malone*, re-opening the door for liability for public employees sued in their individual capacities based upon the nature of the function being performed regardless of whether they were acting in furtherance of a governmental objective.

 Under *Yanero*, the potential liability of a public employee for negligent acts again turns upon the distinction between discretionary and ministerial functions. An employee is not liable for discretionary acts performed in good faith but is exposed to liability for those considered ministerial.

[W]hen sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment. Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or function, i.e., those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employees authority. An act is not necessarily discretionary just because the officer performing it has some discretion with respect to the means or method to be employed. Qualified official immunity is an affirmative defense that must be specifically pled.

Conversely, an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act, i.e. one that requires only obedience to the orders of others, or when the officers duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts. That a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in nature.

(Citations omitted). *Id.* at 522.

 The complaint in this case alleges that the appellees negligently inspected, repaired, maintained, warned, and guarded East Marksberry Road. Regardless of whether or not their ultimate judgment was well founded, we conclude that the decision of the Daviess County Fiscal Court, the engineers, and road foreman with respect to whether and how this portion of East Marksberry Road was guarded involved an exercise of discretion.

Evidence of record indicates that the members of the Daviess County Fiscal Court (in conjunction with the engineers, road foreman, and sign director) had undertaken a comprehensive scheme to evaluate and to maintain county roadways. There was considerable testimony regarding the methods by which roadways were inspected and how recommendations were made for action to be taken. Key decision-makers recounted that they contemplated and balanced public policy factors and weighed budgetary concerns. As a matter of fact, a recommendation that a guardrail be installed at the disputed portion of East Marksberry Road had been submitted, considered, and specifically rejected. The evidence supports the contention of these public officials that they made discretionary decisions with respect to the guarding of the roadway based on various fiscal factors and geographic considerations. No evidence supports the contention that the decision was a matter of routine involving no policy-making decision or significant judgment.

■ When a public official exercises a discretionary function, he is entitled to absolute immunity from liability. *Yanero, supra.* The trial court did not err in granting summary judgment in favor of the members of the Daviess County Fiscal Court, the county engineers, and road foreman acting in their representative capacities with respect to their decision not to guard the disputed roadway.

■ Next, we examine the testimony with respect to the alleged failure to *replace* a proper warning sign at the disputed portion of the roadway. An analysis of this evidence indicates that the action (or absence of any action) regarding proper maintenance of the sign was ministerial in nature. Gene Caraway, road foreman, indicated that a curve sign was necessary on the disputed portion; he believed that a sign had been installed. Ronnie Thompson, Road Department sign director, admitted that a sign was necessary at the location, that one had probably been there, and that it was missing at the time of Clarks accident. Thompson appeared uncertain when questioned about the exact timing of requests made to replace the sign and the timing of its eventual replacement. According to the county road engineer, money for sign expense was readily available in the Road Departments budget, and employees did not need fiscal court approval to maintain signs for the safe condition of the roadway. Thus, the record indicates that the actions (or omissions) of the county Road Department employees did not involve good faith judgment calls made in a legally uncertain environment. *Yanero* at 522. Instead, the actions (or omissions) of the county Road Department employees required only obedience to the orders of others, a duty involving merely execution of a specific act arising from fixed and designated facts. *Id.*

We hold that the disputed acts (or omissions) of the individual employees as to the replacement of the missing sign fall within the definition of a ministerial function as set out by the Kentucky Supreme Court in *Yanero, supra.* There is evidence of record to support the appellants' contention that the sign warning of the curve was down and that it required immediate replacement. This evidence also supports the appellants allegation that Clarks death stemmed from possible negligence of county Road Department employees.

Consequently, we reverse that portion of the judgment of the Daviess Circuit Court that granted official immunity from liability to the those employees of the county Road Department who were responsible for the performance of ministerial acts relating to replacement of the missing sign. This matter is remanded for proceedings consistent with this opinion.

ALL CONCUR.