**Robin WAGONER, Appellant,**

v.

**Katrina BRADLEY, and Danny Moran, Appellees.**

No. 2008–CA–001179–MR.

Court of Appeals of Kentucky.

Sept. 4, 2009.

Roy J. Downey, Pikeville, KY, for appellant.

Jon H. Johnson, Flemingsburg, KY, for appellees.

Before LAMBERT and STUMBO, Judges; HENRY,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Robin Wagoner appeals from the Rowan Circuit Court's order dismissing her case with prejudice for failure to comply with the applicable statute of limitations. After careful review, we affirm.

Wagoner filed a complaint in the Rowan Circuit Court on January 23, 2008, alleging that she had a single-car accident at the intersection of KY 158 and KY 32 on November 14, 2006. According to Wagoner, she crashed her car into an embankment because she did not see a stop sign in time. Wagoner alleged that the defendants in the underlying action, Katrina Bradley and Danny Moran, were negligent in erecting the stop sign in the wrong place. In response to the suit, Bradley and Moran filed a motion to dismiss Wagoner's action on February 18, 2008.

On April 22, 2008, the trial court entered an order dismissing Wagoner's suit pursuant to KRS 44.110(1), which requires that suits filed with the Board of Claims be filed within a one-year statute of limitations. Because Wagoner waited until January 2008 to file suit for a November 2006 accident, the trial court dismissed her claims. This appeal follows.

We review a trial court's order dismissing a complaint *de novo. James v. Wilson,* 95 S.W.3d 875, 883–84 (Ky.App. 2002). It is well established that a court should not grant a motion to dismiss a complaint "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union v. Kentucky Jockey Club,* 551 S.W.2d 801, 803 (Ky.1977).

On appeal, Wagoner argues the trial court incorrectly applied the one-year statute of limitations in KRS 44.110(1) and should have applied the two-year statute of limitations found in the Motor Vehicle Reparations Act (MVRA), because this is a motor vehicle case filed in circuit court. In support of that argument, Wagoner contends the placement of the stop sign involves Bradley and Moran's ministerial duties, which she claims are not bound by the Board of Claims cases.

Bradley and Moran argue that the trial court properly dismissed the complaint as violating the applicable one-year statute of limitations under KRS 44.110(1), relying

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580

on *Commonwealth Transp. Cabinet Dept. of Highways v. Abner*, 810 S.W.2d 504 (Ky.1991). The trial court found that under *Abner*, "whenever negligence is alleged against the Commonwealth or one of its employees, the statute of limitations is one year. Filing this case in Circuit Court does not extend the statute of limitations beyond one year." We agree with the trial court.

In *Abner*, the plaintiff was involved in a motor vehicle accident with a vehicle owned by the Commonwealth of Kentucky Department of Highways. Like Wagoner in the instant case, the plaintiff in Abner filed his case more than one year from the date the action accrued. The Board of Claims dismissed Abner's case as being untimely filed pursuant to KRS 44.110(1). Abner appealed to the circuit court, which reversed the dismissal applying the two-year statute of limitations found in the MVRA. This Court affirmed the circuit court's holding but was reversed by a unanimous decision of the Kentucky Supreme Court.

Justice Wintersheimer, writing for the Supreme Court, noted:

> Section 231 of the Kentucky Constitution provides that the General Assembly can direct in what manner and in what court suits may be brought against the Commonwealth ... for its negligence pursuant to KRS 44.070 through KRS 44.160 which creates the Board of Claims. KRS 44.110(1) provides that all claims must be filed within one year from the time the claim for relief accrued.
>
> The Board of Claims Act is a limited waiver of sovereign immunity. KRS 44.110 is part of the grant of the right to sue the Commonwealth and establishes a *condition precedent* to bringing an action and it must be complied with or the action is barred by sovereign immunity.

*Abner*, 810 S.W.2d at 504. (Emphasis added). Justice Wintersheimer also pointed out that the Board of Claims Act was enacted in 1946, and the MVRA was enacted in 1974. When the General Assembly met and amended KRS 44.110 in 1986, it did not change the one-year statute of limitations. Given every opportunity to change the statute of limitations in the Board of Claims Act, it is clear that the General Assembly did not wish to extend its waiver of sovereign immunity to include a two-year statute of limitations. *Id.* at 505.

We find *Abner* to be squarely on point with the case at bar. The fact that this case was originally filed in circuit court has no bearing on the statute of limitations, just as the fact that Abner refiled his case in circuit court had no bearing on the statute of limitations in *Abner*. Absent the General Assembly's limited waiver of sovereign immunity, there could be no action against the Commonwealth or its employees. Contrary to Wagoner's assertion, the MVRA does not extend the one-year statute of limitations contained in KRS 44.110(1). Also contrary to Wagoner's assertion that this case involved Bradley's and Moran's ministerial duties, the same statute of limitations applies to the Commonwealth and its employees, regardless of whether the alleged negligence involved discretionary or ministerial acts.

Accordingly, because this case was filed outside the one-year statute of limitations as codified in KRS 44.110(1), the trial court correctly dismissed this case. Therefore, we affirm the April 22, 2008, order of the Rowan Circuit Court dismissing this case with prejudice.

ALL CONCUR.