Derek HAMMERS, as Guardian for David Hammers, a Minor; Julie Steele, as Guardian for Megan Dearmond, a Minor; and Sandra Steele, as Administrator for the Estate of Christine Steele, Appellants

v.

Joe PLUNK, Larry Gaynor, Kenny Potts, Ted Merryman, Joey Draper, Byron Johnson, Craig Wyatt, Wade Clements, Greta Smith, Bob C. Lewis, and Nancy Albright, Appellees

and

Walter H. Jones and Leona Clark–Jones, Appellants

Adrian Hall, Roy G. Arvin, and Mike Barker, Appellees.

Nos. 2010–CA–000279–MR, 2010–CA–001007–MR.

Court of Appeals of Kentucky.

Oct. 21, 2011.

Discretionary Review Denied by Supreme Court Sept. 12, 2012.

Matt McGill (argued), Bowling Green, KY, for appellants Derek Hammers, et al.

John R. Shelton, Louisville, KY, for appellants Walter H. Jones and Leona Clark–Jones.

H. Brent Brennenstuhl, Bowling Green, KY, for appellees Joe Plunk, et al.

Paul Kevin Moore, Frankfort, KY, for appellees Adrian Hall, et al.

*OPINION*

WINE, Judge:

These two consolidated appeals involve application of the one-year statute of limitations set forth in Kentucky Revised Statute ("KRS") 44.110 to actions arising in the circuit court, as upheld by this Court in *Wagoner v. Bradley*, 294 S.W.3d 467 (Ky. App.2009). In each case, an appeal has been filed from the dismissal of the action as time-barred under KRS 44.110.

In No. 2010–CA–000279–MR, Derek Hammers, as Guardian for David Hammers, a Minor; Julie Steele, as Guardian for Megan Dearmond, a Minor; and Sandra Steele, as Administrator for the Estate of Christine Steele (hereinafter, "Hammers, *et al.*"), appeal from an order of the Muhlenberg Circuit Court granting a motion for summary judgment and dismissal with prejudice. On appeal, Hammers, *et al.*, contend that the trial court applied the wrong statute of limitations and that the limitations period adopted by this Court in *Wagoner* was erroneous. They contend, alternatively, that even if this Court finds *Wagoner* is not a misstatement of law, a retroactive application of *Wagoner* to the present case would be manifestly unjust.

In No. 2010–CA–001007–MR, Walter H. Jones and Leona Clark–Jones, appeal from an order of the Estill Circuit Court dismissing their case with prejudice. On appeal, the appellants contend that the trial court erred in applying the limitations period in KRS 44.110 and that *Wagoner* was wrongly decided. The Joneses argue that *Yanero v. Davis*, 65 S.W.3d 510 (Ky.2001), mandates a contrary result and implicitly overrules *Wagoner*.

We agree that *Wagoner* was wrongly decided and, therefore, reverse the circuit

courts' respective dismissals with prejudice in each of the cases herein, hereby overruling our prior holding in *Wagoner* that KRS 44.110 applies to actions originating in circuit court.

## History

### No.2010–CA–000279–MR

The underlying facts of case No. 2010–CA–000279–MR are as follows. On August 24, 2006, Christine Steele was traveling north on U.S. Hwy. 431 in Muhlenberg County, Kentucky. Steele's two minor children, Megan Dearmond and David Hammers, and another adult were in the vehicle with her. As Steele approached a curve in the roadway, her tire travelled off the paved area of the road. Unfortunately, there was a substantial gap of 7 to 9 inches on the side of the roadway between the pavement edge and the roadside. The uneven surface caused the car to "slingshot" back across the roadway and into oncoming traffic. Steele and the other adult died in the accident and Steele's two minor children, Megan and David, sustained serious physical injuries.

Thereafter, Hammers, *et al.*, filed a timely petition with the Kentucky Board of Claims, naming as the sole defendant the Kentucky Department of Highways ("the Department"). Hammers, *et al.*, alleged that the Department was negligent in maintaining U.S. Hwy. 431, and that such negligence created a dangerous condition for travelers on the roadway. Discovery conducted in the Board of Claims proceedings revealed the identities of several individual employees who were responsible for maintenance of the section of highway where the accident occurred.

On February 10, 2009, Hammers, *et al.*, filed a separate action in Muhlenberg Circuit Court for wrongful death and loss of consortium, naming as defendants Joe Plunk and ten other individual employees of the Department (hereinafter "Joe Plunk, *et al.*"). The Department was not named as a party to the action in circuit court, although the action in the Board of Claims against it is still pending and remains in abeyance until the resolution of this case.

After the case was filed in circuit court, the defendants Joe Plunk, *et al.*, filed a motion to dismiss the complaint, arguing that the statute of limitations for a wrongful death action was, at the most, two years. In answer, Hammers, *et al.*, filed a response asserting that the correct statute of limitations under KRS 304.39–230(6) is two years *from the receipt of the last basic reparations benefit* under the Motor Vehicle Reparations Act ("MVRA").

The trial court ordered the parties to submit memoranda regarding the applicable statute of limitations. Thereafter, upon consideration of same, the trial court denied Joe Plunk's, *et al.'s* motion to dismiss and held that the two-year limitations period under the MVRA, which runs from the date of the last reparations payment, was the applicable limitations period.[1] Approximately four months later, this Court handed down its decision in *Wagoner v. Bradley, supra,* applying the one-year statute of limitations found in KRS 44.110 to an action filed in circuit court against individual state employees, as in the present case.

After the holding in *Wagoner,* Joe Plunk, *et al.*, filed another motion to dismiss on the grounds that the one-year limitations period set forth in KRS 44.110

---

1. Joe Plunk, *et al.*, also dispute that Hammers *et al.*, filed within the two-year period under the MVRA.

was applicable and that the claims of Hammers, *et al.*, were time-barred. The trial court agreed that, based on *Wagoner*, the one-year period under KRS 44.110 applied and therefore granted the motion for dismissal and summary judgment. Hammers, *et al.*, then appealed to this Court.

### *No.2010–CA–001007–MR*

The underlying facts of case No. 2010–CA–001007–MR are as follows. On June 10, 2008, Walter Jones was traveling alone in a vehicle on State Route 89 in Estill County, Kentucky. Jones lost control of the vehicle after his tire struck a sunken area of pavement on the road. Jones's vehicle left the roadway and struck a tree, thereby causing substantial personal injuries requiring his hospitalization for several weeks thereafter.

The Joneses filed a timely petition with the Kentucky Board of Claims, naming as the sole defendant the Kentucky Department of Transportation ("the Department"). They alleged that the Department was negligent in maintaining State Route 89 and that such negligence created a dangerous condition for travelers on the roadway. Discovery conducted in the Board of Claims proceedings revealed the identities of several individual employees who were responsible for maintenance of the section of highway where the accident occurred.

On February 18, 2010, within two years of the date of the accident, the Joneses filed a separate action in the Estill Circuit Court for personal injury and loss of consortium, naming as defendants Adrian Hall and other individual employees of the Department (hereinafter "Adrian Hall, *et al.*"). The Department was not named as a party to the action in circuit court.

On March 2, 2010, the defendants, Adrian Hall, *et al.*, filed a motion to dismiss the Joneses' complaint on the grounds that the one-year limitations period in KRS 44.110

applied. The trial court granted the motion and dismissed the complaint on May 14, 2010. Thereafter, the Joneses timely appealed to this Court.

### Analysis

On appeal, both Hammers, *et al.*, and the Joneses (hereinafter, collectively "the appellants") argue that their cases should not have been dismissed because the limitations period set forth in KRS 44.110 applies only to Board of Claims proceedings and does not apply to private actions in the circuit court. In furtherance of this argument, the appellants contend that the *Wagoner* case was wrongly decided, and is a misstatement of the law. Hammers, *et al.*, also dispute the running, tolling, and applicability of various statutes of limitations, apart from the *Wagoner* issue, as related to No. 2010–CA–000279–MR.

### *Wagoner*

We first address the appellants' argument that *Wagoner* represents a misstatement of law because KRS 44.110 is part of the Kentucky Board of Claims Act and does not apply to private actions in circuit court. The appellants contend that the Board of Claims Act is only applicable to actions brought within the Board of Claims and that the proper statute of limitations for the present type of case is found in the MVRA rather than the Board of Claims Act.

The trial courts in both appeals followed the holding in *Wagoner* that "whenever negligence is alleged against the Commonwealth or one of its employees, the statute of limitations is one year." *Id.* at 469. The statute relied on in *Wagoner*, KRS 44.110, reads in pertinent part:

> (1) All claims must be filed with the Board of Claims within one (1) year from the time the claim for relief accrued.

. . . .

(3) The claim for relief for personal injury shall be deemed to accrue at the time the personal injury is first discovered by the claimant or in the exercise of reasonable care should have been discovered; however, no action for personal injury shall be commenced beyond two (2) years from the date on which the alleged negligent act or omission actually occurred.

The appellants argue that KRS 44.110 is inapplicable because the present actions were not filed with the Board of Claims, but rather are actions originating in circuit court against individual state employees.

The appellants aver they are entitled to bring an action against individual state employees in circuit court for the negligent performance of ministerial acts under *Yanero v. Davis,* 65 S.W.3d 510 (Ky.2001). The appellants further argue that the maintenance of Kentucky's roadways is a ministerial act under *Estate of Clark ex rel. Mitchell v. Daviess County,* 105 S.W.3d 841 (Ky.App.2003). Thus, according to the appellants, their cases are governed by the Kentucky MVRA. The relevant statutory limitations period under the MVRA, found in KRS 304.39–230(6), reads as follows:

An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury, *or* the death, *or* the last basic or added reparation payment made by any reparation obligor, *whichever later occurs.*

(Emphasis added.)

In support of their argument, the appellants point to *Yanero, supra,* where the Supreme Court stated that the Board of Claims Act "can apply only to the Commonwealth and those agencies, officers, or employees who are cloaked with sovereign, governmental, or official immunity."

*Id.* at 524. The Court noted that the Board of Claims Act has "no application to those governmental agencies, officers or employees who are not cloaked with immunity." *Id.* Although KRS 44.073(2) states that "[t]he Board of Claims shall have primary and exclusive jurisdiction over all negligence claims for the negligent performance of ministerial acts against the Commonwealth ... [and its] agents, or employees", the *Yanero* Court found that this statute was a nullity to the extent that it purported to transfer jurisdiction to the Board of Claims for suit against non-immune employees or agents of the Commonwealth. *Id.*

Indeed, the *Yanero* Court reiterated the long-standing rule that an employee enjoys no immunity for the negligent performance of a ministerial act. *Yanero,* 65 S.W.3d at 524. *See also, Autry v. Western Kentucky University,* 219 S.W.3d 713 (Ky.2007). The Court reasoned that the purpose of the Board of Claims Act "was not to grant a cloak of immunity behind which all employees of the State could hide from their individual responsibility for their negligent acts, ... but ... to facilitate simple processing of claims against the State." *Yanero, supra* (quoting *Slusher v. Miracle,* 382 S.W.2d 867, 869 (Ky.1964)). The *Yanero* Court found that the Board of Claims Act cannot be constitutionally construed to authorize a transfer of original jurisdiction of a tort claim against a non-immune agency, officer or employee from the circuit court to the Board of Claims. *Id.* at 525. Indeed, Section 112(5) of the Kentucky Constitution (KY. Const. § 112) provides that the circuit court "shall have original jurisdiction of all justiciable causes not vested in some other court." As previously noted by the *Yanero* Court, "[t]he Board of Claims ... is not a court" for the purposes of this section of the Constitution. *Yanero*

at 525. *See also, Nelson County Bd. of Educ. v. Forte*, 337 S.W.3d 617, 623 (Ky. 2011).

■ At the very least then, *Yanero* makes clear that plaintiffs may bring suits in circuit court against non-immune employees for negligent performance of ministerial acts. *See also, Guffey v. Cann*, 766 S.W.2d 55 (Ky.1989). The statute of limitations for actions brought within the Board of Claims, which is an administrative body, is found within the Board of Claims Act. This statute differs from those covering actions brought within the courts. We agree with the appellants that KRS 44.110 is inapplicable in the present case because it applies only to causes arising within the Board of Claims against the Commonwealth or its immune agents or employees. KRS 44.110 does not apply to actions originating in the circuit court against non-immune agents or employees of the Commonwealth.

Thus, *Wagoner* was a misstatement of law. This mistake was occasioned by an unfortunate and erroneous reliance by this Court in *Wagoner*, upon *Commonwealth Transp. Cabinet Dept. of Highways v. Ab-*

ner, 810 S.W.2d 504 (Ky.1991). In *Wagoner*, this Court held that "under *Abner*, 'whenever negligence is alleged against the Commonwealth or one of its employees, the statute of limitations is one year.'" *Wagoner*, 294 S.W.3d at 469. However, we neglected to consider that *Abner* was an appeal from a case brought within the Board of Claims and *not* an action originating in the circuit court.[2] As acknowledged hereinabove, the proper forum for an action against the Commonwealth or its agents or employees, as well as the corresponding limitations period, is more nuanced than this. *See Yanero, supra*. For this reason, we hereby overrule *Wagoner* to the extent that it purports to apply the one-year limitations period in KRS 44.110 to an action brought in circuit court.

■ The present actions were properly brought within the circuit court because they were brought against individual employees of the Department in their individual capacities and our courts have previously held that "repair" or maintenance of the state's highways is a ministerial act. *Estate of Clark v. Daviess County*, 105 S.W.3d 841, 846 (Ky.App.2003).[3] In con-

---

**2.** *Wagoner* incorrectly recites the procedural history in *Abner* by stating that Mr. Abner filed an original action before the Board of Claims and then subsequently "refiled his case in circuit court." *Wagoner* at 469. In fact, Mr. Abner *appealed* to the circuit court from an adverse ruling in the Board of Claims.

**3.** As discussed by this Court in *Estate of Clark*, determinations involving such things as whether a guardrail or sign should be placed in a certain area of roadway are discretionary, and are thus cloaked with immunity; however, replacement and repair of an existing sign is ministerial in nature. *See also, Bolin v. Davis*, 283 S.W.3d 752 (Ky.App.2008) (Failure of Department to erect road signs or guard rails is discretionary). Because the present case involves the maintenance or repair of existing sections of roadway, rather than a decision to erect signs or guardrails on

same, such action or inaction may be considered ministerial. *Cf., Ezell v. Christian County*, 245 F.3d 853 (6th Cir.2001) (While not directly on point, *Ezell* suggests that maintenance of an existing road sign, including clearing away overgrown brush obscuring a sign, is ministerial in nature). *Compare, Com., Transp. Cabinet, Dept. of Highways v. Sexton*, 256 S.W.3d 29 (Ky.2008) (The clearing away of dead trees on vacant lots adjoining roadway is discretionary; however the Department has a duty to investigate all problems related to maintenance of roads in the state). *See also, Com., Transp. Cabinet, Dept. of Highways v. Nash*, 2006 WL 2382730, at *3 (Ky.App.2006) (Maintenance of area of sunken roadway was a ministerial act); *Shearer v. Hall*, 399 S.W.2d 701 (Ky.1965) (Maintenance of county roads and bridges is ministerial rather than discretionary).

trast, the appellants' claims against the Department were properly brought before the Board of Claims as our Supreme Court has previously held that county governments are protected by governmental immunity for wrongful death actions arising out of claims of negligence with respect to maintenance of the State's roadways. *Estate of Clark ex rel. Mitchell v. Daviess County, supra.*

### Other Issues Raised in No.2010–CA–000279–MR

We next address the other statute of limitations issues raised by Hammers, *et al.*, in No. 2010–CA–000279–MR. The action includes claims for wrongful death, loss of consortium, and personal injury brought by both the Estate of the decedent and the decedent's minor children through their next friends. Aside from the issue of the applicability of KRS 44.110, the parties had other disagreements about the limitations period. Specifically, the individual Department employees, Plunk, *et al.*, argue that even if KRS 44.110 did not apply, the limitations period for wrongful death "is at most, one year." Further, Plunk, *et al.*, aver that Hammers, *et al.*, did not file within the statutory period, even if the two-year limitations period under the MVRA applies. Thus, to avoid repetition on remand, we address these issues.

 Wrongful death claims are generally covered under the one-year period of limitations set forth in KRS 413.180(1) and personal injury claims are generally covered under the one-year limitations period set forth in KRS 413.140(1)(a). However, in a case where the MVRA is applicable, a longer two-year period of limitations will apply. *Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50, 59 (Ky.App.1999). Indeed,

[o]ur rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable.

*Id.*, quoting *Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky.1987). The claims in No. 2010–CA–000279–MR arise out of an automobile accident which is covered under the MVRA. Therefore the claims raised by the Estate for wrongful death and by the minor children for personal injury are covered under the two-year limitations period set forth in KRS 304.39–230(6). This two-year limitations period began to run upon the date of the last basic or added reparation payment as this payment occurred subsequent to the decedent's injury and death in the present case. *Id.*

 However, the children's loss of consortium claims are not subject to the two-year limitations period set forth in KRS 304.39–230(6) because "[l]oss of consortium is not a recoverable injury within the purview of the MVRA." *Floyd v. Gray*, 657 S.W.2d 936, 938 (Ky.1983). Instead, loss of consortium claims are subject to the one-year statute of limitations under KRS 413.140(1)(a). At first glance, it would appear that these claims are now time-barred. However, the loss of consortium claims were raised by the children when they were still minors. Thus, their claims are not time-barred because the statute has been tolled due to their infancy. KRS 413.170. Likewise, the personal injury claims brought by the children would also have been tolled. *Id.*

 On the other hand, tolling cannot save the claims brought by the Estate. Joe Plunk, *et al.*, aver that Hammers, *et*

*al.*, filed the complaint one day after the expiration of the two-year limitations period in KRS 304.39–230.[4] Pleadings and affidavits within the record confirm this. However, when the trial court originally ruled on this matter, before its reconsideration under *Wagoner*, the trial court found that the one-day-late filing was acceptable as a matter of equity. Although the order did not elaborate as to why, it appears from affidavits in the record that counsel for Hammers, *et al.*, who was located in Bowling Green, Kentucky, attempted to file the complaint by fax on the day the limitations period expired. It further appears that the Muhlenberg Circuit Court Clerk's office initially agreed to accept same by fax, and that a faxed copy of the complaint was indeed received by the clerk's office. However, the clerk's office thereafter telephoned counsel to inform him that they could not accept the faxed complaint.

As the clerk's office could not accept a faxed complaint, counsel contacted a local attorney whose legal assistant agreed to file the complaint on his behalf. The legal assistant called the clerk's office, knowing they typically closed by four o'clock, to let them know to expect her around four o'clock. The assistant's sworn statement attests that the clerk stated "if that is the faxed complaint from Bowling Green, we are not going to accept it," apparently under the misapprehension that the assistant could not sign the complaint and initial it with permission of counsel for filing. The assistant arrived a few minutes before four o'clock with the complaint and a check for the fees in hand, only to find that the doors had already been locked *before* the close of the business day. The assistant left and returned in the morning, on February 10, 2009, when the complaint was accepted and filed by the clerk's office.

In such a situation, it is within the court's power to find that a statute has been equitably tolled. *Nanny v. Smith*, 260 S.W.3d 815, 817 (Ky.2008) (Plaintiff should not be punished for clerk's failure to perform duties mandated by statute and court rule.); *Ward v. Howard*, 177 Ky. 38, 197 S.W. 506, 510 (1917) (Clerk cannot deliberately absent himself or close his office to thwart procedure.); *Prewitt v. Caudill*, 250 Ky. 698, 63 S.W.2d 954, 958–59 (1933) (Clerk cannot deliberately absent himself or close his office to thwart procedure.); *Hagy v. Allen*, 153 F.Supp. 302 (E.D.Ky.1957) (Good faith should be considered, especially when paired with circumstances plaintiff could not control). Further, the clerk's doors are said to "be deemed always open," although here the doors were closed—*literally*. Kentucky Rules of Civil Procedure ("CR") 77.01. Accordingly, we do not disturb the trial court's prior ruling, and Hammers, *et al.*, may proceed with their case at trial.

We need not address the issues raised by Hammers, *et al.*, concerning the propriety of a retroactive application of *Wagoner* as these are now moot.

Accordingly, we reverse and remand in both cases for further proceedings consistent with this opinion.

ALL CONCUR.

---

4. Pleadings in the record indicate that the last PIP payment was issued to the Estate on February 9, 2007, and that the complaint was not filed (and summons not issued) in the Muhlenberg Circuit Clerk's office until February 10, 2009.