RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1135-MR

ESTATE OF CHARLES G. HOWARD;
TAMARA HOWARD; AND TAMARA
HOWARD, EXECUTRIX                                          APPELLANTS


                    APPEAL FROM GREENUP CIRCUIT COURT
v.          HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
                         ACTION NO. 21-CI-00187


STATE FARM INSURANCE; ESTATE
OF REES A. JUSTICE; AND
STANDARD FIRE INSURANCE CO.
D/B/A TRAVELERS INSURANCE                                      APPELLEES


                                OPINION
                               AFFIRMING

                            ** ** ** ** **

BEFORE: DIXON, McNEILL, AND TAYLOR, JUDGES.

DIXON, JUDGE: The Estate of Charles G. Howard ("Howard Estate") and

Tamara Howard, individually and as executrix of the Howard Estate, appeal from

the orders and judgments entered by the Greenup Circuit Court on August 25,

2021, and September 9, 2021, dismissing their complaint against State Farm

Insurance ("State Farm"), the Estate of Rees A. Justice ("Justice Estate"), and Standard Fire Insurance Co. d/b/a Travelers Insurance ("Travelers"). Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On April 22, 2019, Charles Howard's southbound vehicle entered the northbound lane of US 23 and collided head-on with Rees Justice's vehicle, killing both Charles and Rees. The accident was investigated by the Raceland Police Department, whose report states, "THE COLLISION WAS PRIMARILY CAUSED BY [CHARLES] BEING IN THE WRONG SIDE OF THE ROAD." The report also stated that other contributing factors were: Charles had a blood alcohol content of 0.061, Rees was positive for THC, and Rees was traveling 65 miles per hour (mph) in an area with a posted speed limit of 55 mph.

Tamara Howard was appointed executrix of the Howard Estate on June 10, 2019. Mark Justice, Rees' father, was also appointed executor of the Justice Estate in June 2019.

On April 21, 2021, Appellants sued State Farm, Rees' insurer; Travelers, Charles' insurer; and the Justice Estate. The complaint alleges wrongful death and loss of consortium against the Justice Estate, while admitting "the primary cause of the collision was due to [Charles'] vehicle driven South on the Northbound lane." It also avers that the police report "concludes several other

factors contributing to the collision stem from [Rees'] actions and inactions contributing to this unfortunate collision." The complaint further asserts State Farm violated the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA")[1] and the Kentucky Consumer Protection Act ("KCPA").[2] Travelers was a defendant by virtue of Charles' policy, which provided no fault and underinsured coverage.

After each of the defendants answered, Appellants responded to requests for admission. Appellants admitted "the proximate or primary cause of the collision was [Charles'] driving of vehicle south in the northbound lane"; however, they also pointed out the contributing factors noted in the police report.

Subsequently, each defendant moved the trial court to dismiss the claims against them. The Justice Estate contended the complaint was not filed within the one-year statute of limitations for wrongful death actions, or within six months after the appointment of the personal representative of the Justice Estate. Alternatively, the Justice Estate moved to dismiss the complaint for failure to state a claim. Travelers and State Farm also argued the complaint was not filed within the statute of limitations for wrongful death actions. State Farm further claimed Appellants' admission that Charles was the primary cause of the accident

---

[1] Kentucky Revised Statutes ("KRS") 304.12-230 and KRS 304.12-235.

[2] KRS Chapter 367 *et seq*.

precluded liability against the Justice Estate from being "beyond dispute" – a requirement to plead and sustain an insurance bad faith claim against State Farm.

On August 25, 2021, the trial court granted the motions to dismiss the complaint as untimely under the one-year statute of limitations provided in KRS 304.39-230(2) and 413.180(1). Appellants moved the trial court for reconsideration and to alter, amend, or vacate that order, asserting the applicable statute of limitations is two years under KRS 304.39-230(6) of Kentucky's Motor Vehicle Reparations Act ("MVRA").[3] On September 9, 2021, the trial court entered two orders denying Appellants' motions, but amending its August 25, 2021, order to include its rationale for dismissing Appellants' bad faith claims against State Farm. This appeal followed.

**STANDARD OF REVIEW**

The standard of review of a ruling on a motion for judgment on the pleadings is well established:

> Kentucky's "Civil Rule [("CR")] 12.03 provides that any party to a lawsuit may move for a judgment on the pleadings." [*City of Pioneer Vill. v. Bullitt Cty.*, 104 S.W.3d 757, 759 (Ky. 2003)]. A judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief." *Id.* "[T]he circuit court is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002).

---

[3] KRS 304.39-010 *et seq.*

> Further, CR 12.03 may be treated as a motion for summary judgment. *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*, 360 S.W.3d 171, 177 (Ky. 2012). We review a judgment on the pleadings *de novo*. *Id*.

*Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 594 (Ky. App. 2017).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

## ANALYSIS

On appeal, Appellants raise several arguments. We will address each in turn.

### Loss of Consortium Claims

Appellants first argue the trial court violated Tamara's rights to her day in court. However, loss of consortium claims are subject to the one-year

-5-

statute of limitations under KRS 413.140(1)(a). "Loss of consortium is not a recoverable injury within the purview of the MVRA." *Floyd v. Gray*, 657 S.W.2d 936, 938 (Ky. 1983). Because the case herein was not filed until nearly two years after the accident, Tamara's claims for loss of consortium were filed well beyond the applicable statute of limitations and were, therefore, time-barred.

## Wrongful Death Claims

### a. MVRA provides the proper statute of limitations

Appellants also contend the trial court erred in ruling their claims were barred by the one-year statute of limitations provided by the wrongful death statute and KRS 304.39-230(2). Instead, they argue the trial court should have applied the two-year statute of limitations found in KRS 304.39-230(6). We agree. As stated by another panel of our court:

> Wrongful death claims are generally covered under the one-year period of limitations set forth in KRS 413.180(1) and personal injury claims are generally covered under the one-year limitations period set forth in KRS 413.140(1)(a). However, in a case where the MVRA is applicable, a longer two-year period of limitations will apply. [*Worldwide Equip., Inc. v. Mullins*, 11 S.W.3d 50, 59 (Ky. App. 1999).] Indeed,
>
> > [o]ur rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable.

-6-

*Id.*, *quoting Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky. 1987).

*Hammers v. Plunk*, 374 S.W.3d 324, 331 (Ky. App. 2011). Here, the death was caused by a motor vehicle accident and, consequently, falls under the MVRA. Thus, the two-year statute of limitations applies. As a result, the portions of the complaint pertaining to wrongful death were filed within the applicable two-year statute of limitations and, consequently, were not time-barred. Nonetheless, the claims were still properly dismissed for the reasons that follow.

**b. Comparative negligence**

Appellants maintain their complaint should not have been dismissed under *Hilen v. Hays*, 673 S.W.2d 713 (Ky. 1984). In *Hilen*, we adopted the principle of comparative negligence, stating:

> Henceforth, where contributory negligence has previously been a complete defense, it is supplanted by the doctrine of comparative negligence. In such cases contributory negligence will not bar recovery but shall reduce the total amount of the award in the proportion that the claimant's contributory negligence bears to the total negligence that caused the damages. The trier of fact must consider both negligence **and causation** in arriving at the proportion that negligence and causation attributable to the claimant bears to the total negligence that was a **substantial factor** in causing the damages.

*Id.* at 720 (emphasis added).

The Supreme Court of Kentucky has expounded on *Hilen*'s effect

stating:

> Under both comparative negligence and contributory negligence principles, a judgment of liability is based on the answers to two questions. First, who was at fault? Second, upon what basis will the damages be allocated among those parties found to be at fault?
>
> Under comparative negligence, the determination of who was at fault follows exactly the same path as it did under contributory negligence. **The question of fault has always been answered by determining whether the party breached an applicable duty and whether the breach was a substantial factor in causing the injury claimed**.
>
> What comparative negligence changed was the way we allocate, or apportion, fault. Under contributory negligence, if the plaintiff was to any degree at fault for his injury, all the damage was allocated to him, and he could recover nothing from the defendant, regardless of the defendant's degree of culpability. Under comparative negligence, the finder of fact allocates to each party a percentage of the total fault, and hence a percentage of the damages, based upon that party's conduct and the relationship of that conduct to the injury.

*Henson v. Klein*, 319 S.W.3d 413, 422 (Ky. 2010) (emphasis added).

"It is well-established that to establish liability for negligence the plaintiff must prove: (1) a duty; (2) a breach of that duty; (3) **which was the proximate cause of an injury**; and (4) which resulted in damages. All of these elements are essential to a valid claim." *Reece v. Dixie Warehouse & Cartage Co.*, 188 S.W.3d 440, 445 n.6 (Ky. App. 2006) (emphasis added).

In the case herein, Rees had a general duty to obey the rules of the road. The police report indicates he breached two such duties by testing positive for THC and exceeding the speed limit. However, no proof has been presented that these contributing factors were a substantial factor or the proximate cause of Charles' death. In fact, all the evidence regarding the cause of Charles' death points to Charles alone.[4] Accordingly, we cannot say the trial court erred in dismissing the wrongful death claim on those grounds.

We may affirm a lower court on any grounds supported by the record. *Commonwealth v. Mitchell*, 610 S.W.3d 263, 271 (Ky. 2020). ("If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014).) Therefore, we must conclude that the trial court properly dismissed these claims.

### Bad Faith Claims

Appellants also claim the trial court erred in dismissing their complaint against State Farm and Travelers without discovery or proof. It is well-established "summary judgment is only proper after a party has been given **ample opportunity** to complete discovery, and then fails to offer controverting

---

[4] The record includes an affidavit of Raceland Police Department Chief Don Sammons testifying "to a reasonable degree of probability that the proximate cause of this accident was the negligence and actions of [Charles]."

evidence." *Pendleton Bros. Vending, Inc. v. Commonwealth Fin. & Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (emphasis added) (citing *Hartford Ins. Grp. v. Citizens Fid. Bank & Tr. Co.*, 579 S.W.2d 628 (Ky. App. 1979)). Yet, it is "not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford*, 579 S.W.2d at 630.

In *Hartford*, a period of approximately six months between the filing of the complaint and the summary judgment was found to be sufficient time to conduct discovery. However, this is not a bright-line rule, and the appropriate time for discovery necessarily varies from case to case depending on the complexity, availability of information sought, and the like. *See Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007).

Here, more than four months elapsed between the filing of the complaint and the dismissal. This is not a complicated part of the case, nor does it appear that any relevant information sought has been withheld. Thus, we cannot say the trial court's grant of summary judgment was premature.

Furthermore, in bad faith actions, the Supreme Court of Kentucky has held:

> We start with the proposition that there is no such thing as a "technical violation" of the UCSPA, at least in the sense of establishing a private cause of action for tortious misconduct justifying a claim of bad faith:

-10-

"[A]n insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. . . . [A]n insurer is . . . entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts."

This is a quote from Leibson, J., in dissent, in [*Fed. Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 846-47 (Ky. 1986)], stating views which were incorporated by reference in this Court's Majority Opinion in *Curry v. Fireman's Fund* [*Ins. Co.*, 784 S.W.2d 176, 178 (Ky. 1989)]. It applies to a claim of bad faith made by an insured against his own insurer, and *a fortiori* to a third-party's claim of bad faith against an insurance company.

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The court has further elucidated that this means "when an insured's liability is unclear, bad-faith claims fail as a matter of law because the insurer has a reasonable basis for challenging the claim." *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 586 (Ky. 2021) (emphasis added). Since there is no clear liability against the Justice Estate, Appellants' claims against State Farm and Travelers for bad faith fail as a matter of law.

-11-

## CONCLUSION

Therefore, and for the foregoing reasons, the orders entered by the Greenup Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Dwight O. Bailey
Flatwoods, Kentucky

BRIEF FOR APPELLEE STATE
FARM INSURANCE:

Darrin W. Banks
Paintsville, Kentucky

BRIEF FOR APPELLEE
STANDARD FIRE INSURANCE
CO. D/B/A TRAVELERS
INSURANCE:

Michael P. Casey
Emily S. Payne
Lexington, Kentucky

BRIEF FOR APPELLEE ESTATE OF
REES A. JUSTICE:

Robert B. Cetrulo
Edgewood, Kentucky